UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-464-JBC**

**ADVANCMED, LLC,**                                               **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**PITNEY BOWES CREDIT
CORPORATION, ET AL.,**                                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant Pitney Bowes Credit Corporation's ("PBCC") motion to dismiss the plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure (DE 3). The court, having reviewed the record and being otherwise sufficiently advised, will grant PBCC's motion.

**Factual Background**

PBCC and the plaintiff entered into a lease agreement in May 2003, pursuant to which PBCC purchased from Pitney Bowes, Inc., ("PBI") and leased to the plaintiff certain office equipment. The parties agreed that the lease would be considered a finance lease governed by Article 2A of the Uniform Commercial Code. The lease specifies that the terms "we," "us," "our," and "PBCC" refer to PBCC, while the terms "Pitney Bowes" and "Vendor" refer to PBI.

In addition to leasing the equipment from PBCC, the plaintiff also purchased an equipment maintenance plan. The complaint states that the leased equipment was "warranted to be new, in working order, and would perform the functions previously agreed to by the parties," and that PBI "agreed to provide equipment

maintenance and software maintenance on the machines" leased by the plaintiff. The plaintiff alleges in Count I that both PBCC and PBI breached the lease "by failing to provide functioning equipment and failing to provide maintenance on the equipment and software."

The complaint alleges in Count II that, by failing to provide functioning equipment and maintenance thereof, PBCC and PBI breached the express warranty that

> [a]t Pitney Powes Credit Corporation, customer satisfaction is our number one priority. Backed by one of the largest and most respected companies in the office equipment industry, each customer is assured the utmost reliability, convenience and flexibility in the products and services we offer.

Count III asserts that PBCC and PBI breached an implied warranty of fitness for a particular use, because the equipment provided to the plaintiff did not meet its needs. Finally, the plaintiff avers in Count IV that PBCC and PBI breached the implied duty of good faith and fair dealing that was implicit in the lease by failing to provide functioning equipment, failing to maintain the equipment, and failing to make an effort to resolve the problems that the plaintiff was having with the equipment.

The plaintiff seeks reimbursement of $100,206.00 that it paid under the lease, plus interest, incidental and consequential damages, and punitive damages. PBCC has filed a motion to dismiss all counts of the complaint, because the terms of the lease prevent the plaintiff from maintaining Counts I, II, and III against PBCC,

and because Count IV is not an independent cause of action.

**Legal Analysis**

Rule 12(b)(6) dismissal can be granted only when the defendants establish beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff and take the factual allegations in the complaint as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (1993). Because the lease agreement is referred to in, attached to, and central to the plaintiff's complaint, it is part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). Therefore, consideration of the lease does not convert the motion to dismiss into a motion for summary judgment.

Under the U.C.C., a finance lease "is effective and enforceable according to its terms." U.C.C. § 2A-301. The implied warranty of merchantability and any implied warranties of fitness may be excluded if the exclusion is stated in conspicuous language. U.C.C. § 2A-214(2). Language that makes clear the absence of implied warranties, including phrases such as "as is" and "with all faults," is sufficient to exclude all implied warranties. U.C.C. § 2A-214(3)(a). Although Article 2 provides default rights and remedies among the parties to a finance lease, except as otherwise provided, "the lease agreement may include rights and remedies for default in addition to or in substitution for those provided in this Article." U.C.C. § 2A-503(1).

The lease expressly disclaims any warranty by PBCC:

> WE MAKE NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, REGARDING ANY MATTER WHATSOEVER, INCLUDING, BUT NOT LIMITED TO, THE SUITABILITY OF THE EQUIPMENT, ITS DURABILITY, ITS CONDITION, ITS MERCHANTABILITY, ITS FITNESS FOR A PARTICULAR PURPOSE, ITS FREEDOM FROM INFRINGEMENT, OR OTHERWISE, WE LEASE THE EQUIPMENT TO YOU "AS IS," "WHERE IS" AND "WITH ALL FAULTS."  WE SHALL NOT BE LIABLE TO YOU AND YOU SHALL NOT MAKE A CLAIM AGAINST US FOR ANY LOSS, DAMAGE (INCLUDING INCIDENTAL, CONSEQUENTIAL OR PUNITIVE DAMAGES) OR EXPENSE OF ANY KIND CAUSED DIRECTLY OR INDIRECTLY BY THE EQUIPMENT.

Lease, p. 2, ¶ 10.  With regard to the maintenance program purchased in addition to the lease, a 90-day warranty is made by PBI.  Because the plaintiff purchased the additional equipment maintenance service, the lease provides that

> Pitney Bowes agrees to provide you, at no additional cost, with maintenance and emergency repair service on the Equipment, as required due to normal wear and tear.  Depending on the nature of the Equipment, we may, in our sole discretion, service your Equipment by replacing it with new (or equivalent to new) Equipment of like quality.

Lease, p. 5, ¶ 3.  The lease clarifies that

> THIS IS THE ONLY WARRANTY APPLICABLE TO THE LEASE, THE EQUIPMENT, PROM's AND SOFTWARE, AND IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER WARRANTY. REPAIR OR REPLACEMENT BY PITNEY BOWES IS YOUR SOLE REMEDY FOR BREACH OF WARRANTY.

Lease, p. 5, ¶ 2.

### A.    Breach of Contract

PBCC argues that the plaintiff cannot succeed on its claim for breach of contract, because PBCC did not have any contractual duty to provide the plaintiff functioning equipment or maintenance on the leased equipment.  The plaintiff responds that PBCC had an obligation under the Equipment and Software Warranty and Maintenance and Service Agreement to maintain and service the equipment.  However, the maintenance guarantee was made by PBI, not PBCC.  Lease, p. 5, ¶ 3.  Furthermore, the lease agreement specifically denies any representation by PBCC regarding the condition of the equipment.  Lease, p. 2, ¶ 10.  Because PBCC did not assume any duty related to the condition or maintenance of the equipment, the plaintiff's claim against PBCC for breach of contract must be dismissed.

### B.    Breach of Express Warranty

The alleged express warranty is contained on the cover page of the lease, and it is not repeated in the body of the agreement.  The statement does not make any specific guarantees, but instead is a generic representation of PBCC's emphasis on and approach to customer satisfaction.  To the extent that the purported warranty does guarantee "reliability, convenience and flexibility," it is limited to "the products and services we offer," and the products and services complained of by the plaintiff are not, under the contract, offered by PBCC.  Therefore, the plaintiff's claim against PBCC for breach of an express warranty must be dismissed.

### C.    Breach of Implied Warranty of Fitness for a Particular Use

5

A finance lessor is permitted to disclaim warranties under the U.C.C. if the disclaimer is conspicuous. The use of capitalized letters and the language chosen in paragraph 2 of the lease clearly takes advantage of U.C.C. section 2A-214's allowance for warranty disclaimers. *See United States Achievement Academy, LLC, v. Pitney Bowes, Inc.*, Civ. 04-135-KSF, slip op. at 3 (E.D. Ky., July 23, 2004) (finding substantially similar provision sufficient to disclaim implied warranties of merchantability and fitness for a particular purpose). With regard to the maintenance program, in addition to attributing the service obligation to PBI and not PBCC, the contract unambiguously and conspicuously explains that no warranties other than the 90-day warranty made by PBI apply to the equipment. Because PBCC effectively disclaimed any implied warranties, as allowed under U.C.C. § 2A-214, the plaintiff's claim for breach of the implied warranty of fitness for a particular use must be dismissed.

### D.     Breach of Implied Duty of Good Faith and Fair Dealing

The duty of good faith and fair dealing is implicit in every contract that is subject to the U.C.C.  U.C.C. § 1-304.  The official comments to that section explain that

> [t]his section does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract or makes unavailable, under the particular circumstances, are [sic] remedial right or power. This distinction makes it clear that the doctrine of good faith merely directs a court towards

6

> interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached.

U.C.C. § 1-304, comment 1; *see also Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, (3d Cir. 2000) ("Courts have utilized the good faith duty as an interpretive tool to determine the parties' justifiable expectations in the context of a breach of contract action, but that duty is not divorced from the specific clauses of the contract and cannot be used to override an express contractual term.").

Because the plaintiff cannot succeed in his claims for breach of contract, breach of express warranty, or breach of implied warranty against PBCC, Count IV for breach of the duty of good faith and fair dealing must likewise fail, because there is no underlying contractual provision to which it may be applied under these circumstances. Accordingly,

**IT IS ORDERED** that the defendant PBCC's motion to dismiss Counts I, II, III, and IV of the plaintiff's complaint against it (DE 3) is **GRANTED**.[1]

Signed on January 4, 2006

---

[1] This order has no effect on the plaintiff's claims as they apply to the remaining defendant, Pitney Bowes, Inc.

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY