**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 05-464-JBC**

**ADVANCMED, LLC,**                                                              **PLAINTIFF,**

**V.**                        **MEMORANDUM OPINION AND ORDER**

**PITNEY BOWES CREDIT**
**CORPORATION, ET AL.,**                                              **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on the defendant Pitney Bowes, Inc.'s ("PBI")

motion to dismiss the plaintiff's complaint pursuant to Rule 12 of the Federal Rules

of Civil Procedure (DE 2). The court, having reviewed the record and being

otherwise sufficiently advised, will grant the motion in part and deny it in part.

**Factual Background**

The plaintiff entered into a lease agreement with Pitney Bowes Credit

Corporation ("PBCC") in May 2003, pursuant to which PBCC purchased from PBI

and leased to the plaintiff certain office equipment. The parties agreed that the

lease would be considered a finance lease governed by Article 2A of the Uniform

Commercial Code ("U.C.C."). The lease specifies that the terms "we," "us," "our,"

and "PBCC" refer to PBCC, while the terms "Pitney Bowes" and "Vendor" refer to

PBI.

In addition to leasing the equipment from PBCC, the plaintiff also purchased

an equipment maintenance plan, which was provided by PBI. The complaint states

that the leased equipment was "warranted to be new, in working order, and would

perform the functions previously agreed to by the parties," and that PBI "agreed to provide equipment maintenance and software maintenance on the machines" leased by the plaintiff.  Compl., ¶ 7.  The plaintiff alleges in Count I that both PBCC and PBI breached the lease "by failing to provide functioning equipment and failing to provide maintenance on the equipment and software."

The complaint alleges in Count II that, by failing to provide functioning equipment and maintenance thereof, PBCC and PBI breached the express warranty that

> [a]t Pitney Powes Credit Corporation, customer satisfaction is our number one priority.  Backed by one of the largest and most respected companies in the office equipment industry, each customer is assured the utmost reliability, convenience and flexibility in the products and services we offer.

Count III asserts that PBCC and PBI breached an implied warranty of fitness for a particular use, because the equipment provided to the plaintiff did not meet its needs.  Finally, the plaintiff avers in Count IV that PBCC and PBI breached the implied duty of good faith and fair dealing that was implicit in the lease by failing to provide functioning equipment, failing to maintain the equipment, and failing to make an effort to resolve the problems that the plaintiff was having with the equipment.

The plaintiff seeks reimbursement of $100,206.00 that it paid under the lease, plus interest, incidental and consequential damages, and punitive damages.  PBI has filed a motion to dismiss all counts of the complaint, because the terms of

2

the lease prevent the plaintiff from maintaining Counts I, II, and III against PBI , and because Count IV is not an independent cause of action.

**Legal Analysis**

Rule 12(b)(6) dismissal can be granted only when the defendants establish beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff and take the factual allegations in the complaint as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (1993). Because the lease agreement is referred to in, attached to, and central to the plaintiff's complaint, it is part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). Therefore, consideration of the lease does not convert the motion to dismiss into a motion for summary judgment.[1]

Under the U.C.C., a finance lease "is effective and enforceable according to its terms." U.C.C. § 2A-301. The implied warranty of merchantability and any implied warranties of fitness may be excluded if the exclusion is stated in conspicuous language. U.C.C. § 2A-214(2). Language that makes clear the absence of implied warranties, including phrases such as "as is" and "with all faults," is sufficient to exclude all implied warranties. U.C.C. § 2A-214(3)(a). Although Article 2 provides default rights and remedies among the parties to a finance lease, except as otherwise provided, "the lease agreement may include

---

[1] The letters submitted as exhibits to the plaintiff's response are outside the pleadings and therefore will not be considered in resolving PBI's motion to dismiss.

3

rights and remedies for default in addition to or in substitution for those provided in this Article."  U.C.C. § 2A-503(1).

Because the plaintiff purchased the additional equipment maintenance service, the lease provides that

> Pitney Bowes agrees to provide you, at no additional cost, with maintenance and emergency repair service on the Equipment, as required due to normal wear and tear. Depending on the nature of the Equipment, we may, in our sole discretion, service your Equipment by replacing it with new (or equivalent to new) Equipment of like quality.

Lease, p. 5, ¶ 3.

PBI also makes a 90-day warranty:

> Pitney Bowes warrants the Equipment, PROMS and Software leased by PBCC above (excluding consumable parts and supplies) to be free from defect in material, workmanship or programming for 90 days following delivery.  If during this time the Equipment, PROMS or Software fails to perform according to manufacturers specifications (not resulting from accident or misuse) Pitney Bowes will repair, or at their option, replace any such defective item, at their own expense.

Lease, p. 5, ¶ 2.  The lease clarifies that

> THIS IS THE ONLY WARRANTY APPLICABLE TO THE LEASE, THE EQUIPMENT, PROM's AND SOFTWARE, AND IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER WARRANTY. REPAIR OR REPLACEMENT BY PITNEY BOWES IS YOUR SOLE REMEDY FOR BREACH OF WARRANTY.

*Id.*  Finally, a Waiver of Rights provides

4

> IN NO EVENT SHALL WE BE LIABLE FOR ANY INDIRECT, CONSEQUENTIAL, SPECIAL, EXEMPLARY, OR INCIDENTAL DAMAGES OF ANY KIND WHATSOEVER AND HOWEVER CAUSED, OR FOR ANY LOST PROFITS, SAVINGS, OR REVENUES OF ANY KIND, OR FOR LOST DATA OR DOWNTIME, EVEN IF WE KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY OF SUCH DAMAGES.

Lease, p. 5, ¶ 8.

### A.    Breach of Contract

PBI argues that the plaintiff cannot succeed on its claim for breach of contract, because PBI did not have any contractual duty to provide the plaintiff functioning equipment or maintenance on the leased equipment.  PBI asserts that its only undertaking regarding the quality of the equipment was that it would be "free from defect in material, workmanship or programming for 90 days following delivery."  Lease, p. 5, ¶ 2.  To the extent that the complaint alleges a failure to provide maintenance, PBI contends that the maintenance agreement applied only to repair necessitated by normal wear and tear, and that the problems alleged by the plaintiffs do not fall within that category.  The plaintiff responds that PBI had an obligation under the Equipment and Software Warranty and Maintenance and Service Agreement to maintain and service the equipment.

PBI concedes that it was bound to provide maintenance and emergency repair services required as a result of normal wear and tear.  The complaint states that, on numerous occasions, "the machines did not function and [the plaintiff] requested maintenance," which was not provided.  Compl., ¶ 9.  The plaintiff could

5

prove that the equipment problems were due to normal wear and tear.  Although the waiver-of-remedies provision is valid, it does not wholly preclude the plaintiff from recovering if it succeeds on the breach-of-contract claim.  Therefore, dismissal of that claim against PBI is not appropriate.

**B.     Breach of Express Warranty**

The alleged express warranty is contained on the cover page of the lease, and it is not repeated in the body of the agreement.  The statement does not make any specific guarantees, but instead is a generic representation of PBCC's emphasis on and approach to customer satisfaction.  To the extent any guarantees are made, they are made by PBCC; the statement does not purport to make any representation on behalf of PBI.  The plaintiff's claim against PBI for breach of express warranty must therefore be dismissed.

**C.     Breach of Implied Warranty of Fitness for a Particular Use**

A finance lessor is permitted to disclaim warranties under the U.C.C. if the disclaimer is conspicuous.  The use of capitalized letters and the language chosen in paragraph 2 of the lease clearly takes advantage of U.C.C. section 2A-214's allowance for warranty disclaimers.  *See United States Achievement Academy, LLC, v. Pitney Bowes, Inc.*, Civ. 04-135-KSF, slip op. at 3 (E.D. Ky., July 23, 2004) (finding substantially similar provision sufficient to disclaim implied warranties of merchantability and fitness for a particular purpose).  With regard to the maintenance program, the contract unambiguously and conspicuously explains

6

that no warranties other than the 90-day warranty apply to the equipment. Because PBI effectively disclaimed any implied warranties, as allowed under U.C.C. § 2A-214, the plaintiff's claim for breach of the implied warranty of fitness for a particular use must be dismissed.

### D.   Breach of Implied Duty of Good Faith and Fair Dealing

The duty of good faith and fair dealing is implicit in every contract that is subject to the U.C.C.  U.C.C. § 1-304.  The official comments to that section explain that

> [t]his section does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract or makes unavailable, under the particular circumstances, are [sic] remedial right or power.  This distinction makes it clear that the doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached.

U.C.C. § 1-304, comment 1; *see also Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, (3d Cir. 2000) ("Courts have utilized the good faith duty as an interpretive tool to determine the parties' justifiable expectations in the context of a breach of contract action, but that duty is not divorced from the specific clauses of the contract and cannot be used to override an express contractual term.").

Because the plaintiff's breach-of-contract claim survives PBI's motion to dismiss, there remains an underlying contractual provision to which the breach of

the duty of good faith and fair dealing claim may be applied.  Dismissal of Count IV, therefore, is not warranted.  Accordingly,

**IT IS ORDERED** that the defendant PBI's motion to dismiss Counts I, II, III, and IV of the plaintiff's complaint against it (DE 2) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** insofar as Counts II and III are **DISMISSED WITH PREJUDICE**.  The motion is **DENIED** as to Counts I and IV.

Signed on April 14, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

8