UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 05-464-JBC

ADVANCMED, LLC,                                                                                    PLAINTIFF,

V.            MEMORANDUM OPINION AND ORDER

PITNEY BOWES CREDIT
CORPORATION, ET AL.,                                                                            DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the plaintiff, Advancmed LLC ("Advancmed"), to amend its complaint (DE 25).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I. Factual Background**

The plaintiff entered into a lease agreement with Pitney Bowes Credit Corporation ("PBCC") in May 2003, pursuant to which PBCC purchased from Pitney Bowes, Inc. ("PBI") and leased to the plaintiff certain office equipment.  The parties agreed that the lease would be considered a finance lease governed by Article 2A of the Uniform Commercial Code ("U.C.C.").  In addition to leasing the equipment from PBCC, the plaintiff also purchased an equipment maintenance plan, which was provided by PBI.  The complaint states that the leased equipment was "warranted to be new, in working order, and would perform the functions previously agreed to by the parties," and that PBI "agreed to provide equipment maintenance and software maintenance on the machines" leased by the plaintiff.

On October 7, 2005, the plaintiff filed a complaint against PBI and PBCC in Fayette Circuit Court; the defendants removed the action to this court. The plaintiff alleged claims for breach of contract (Count I); breach of express warranty (Count II); breach of implied warranty (Count III); and breach of the implied contractual duty of good faith and fair dealing (Count IV). On January 4, 2006, the court dismissed all of the plaintiff's claims against PBCC, and on April 17, 2006, the court dismissed Counts II and III against PBI. Thus, the only claims now remaining in this action are the plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing against PBI. The plaintiff now seeks leave to amend its complaint to assert a claim for fraud against both PBI and PBCC.

**II. Legal Analysis**

Fed. R. Civ. P. 15(a) states that leave to amend a pleading shall be "freely given when justice so requires." Several elements must be considered in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998), *cert. denied*, 528 U.S. 842 (1999); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). However, Rule 15(a) must be read in conjunction with Fed. R. Civ. P. 16(b), which requires a district court to enter a scheduling order limiting the time to amend pleadings and provides that such order shall not be

modified "except upon a showing of good cause." Once the deadline for amendment of pleadings set out in a court's scheduling order passes, a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). In addition to Rule 16's explicit "good cause" requirement, a district court must also evaluate the potential prejudice to the nonmovants in deciding whether to amend a scheduling order. *Leary*, 349 F.3d at 909. Since the deadline for the parties to amend their pleadings was August 1, 2006, and the plaintiff filed its motion to amend its complaint on February 8, 2007, the court will evaluate the plaintiff's motion for "good cause" and "potential prejudice." Only if the motion survives those hurdles will it be evaluated under Rule-15 standards.

  i. Good Cause

  The plaintiff filed its motion to amend more than six months after the deadline to amend pleadings listed in the court's scheduling order. As grounds for its motion, the plaintiff states that, "through Deposition and Discovery," it has learned of "numerous misrepresentations of fact made by the defendant and relied

3

upon by the Plaintiff to its detriment, warranting a fraud claim." DE 25, at 1. Specifically, the plaintiff claims that it learned of these misrepresentations only during the deposition of Sally Jagleman, an Advancmed representative and the first person to be deposed in this action. *See* DE 32, at 1.

This statement is belied by the fact that the plaintiff's counsel, in correspondence with the defendants that pre-dated the filing of its complaint, repeatedly referred to representations allegedly made by the defendants that now form the basis of the plaintiff's fraud claim. For example, in a letter sent on June 9, 2005, counsel for the plaintiff referred to a "lengthy discussion regarding the representations made when the machines were leased," and alleged that "the equipment that was provided [by the defendants] failed to meet the standards represented by [the defendants'] sales force." Exhibit C to DE 29. Counsel also claimed that "[i]t was represented that the faxing machinery would meet the needs of Advancmed and fax 600 to 800 pieces in a ten hour period" and that Advancmed "[did] not have confidence that the [printer] will operate as represented." *Id.* These allegations are mirrored in the fraud count of the plaintiff's proposed amended complaint, which states in part that the defendants misrepresented the number of copies that their machines could produce and the efficiency of their printers and facsimile software. The plaintiff's fraud claim also alleges that the defendants misrepresented that they could and would repair its machines; these assertions, however, supported Count I of the plaintiff's original

4

complaint.

In sum, the plaintiff's claim for fraud is based on facts that were clearly available to it when it filed its initial complaint. As the plaintiff has provided no justification for its failure to amend its complaint to assert this claim before the deadline set out in the scheduling order, the court holds that the plaintiff has failed to demonstrate "good cause" to amend that order.

### ii. Potential Prejudice

All of the plaintiff's claims in its original complaint were contractually based, and, as previously noted, only two of those claims remain before the court. Discovery in this action has been limited to these two claims, and the deadline for the completion of discovery is May 1, 2007. Thus, if the plaintiff were allowed to assert its claim for fraud, the defendants would be unfairly required to respond to a new tort-based claim in a short window of time. *See Duggans v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (finding prejudice where a late amendment would compel a party to "prepare a defense for a claim quite different from [the claim] that was before the court").

In addition, the court dismissed all claims against the defendant PBCC over one year ago. The plaintiff's proposed amended complaint would therefore "deprive [PBCC] of [its] anticipated 'closure'" following its dismissal from this action. *See Duggans*, 195 F.3d at 834. For the foregoing reasons, the court concludes that the defendants would suffer significant prejudice if the plaintiff were

permitted to file its proposed amended complaint.

### iii. Conclusion

Having determined that the plaintiff has not shown "good cause" for failure to plead his fraud claim before the deadline to amend pleadings and that the defendants have shown that they would be prejudiced by the proposed amendment, the court will not permit the plaintiff to modify the deadline to amend pleadings in the court's scheduling order. The court therefore need not consider whether the plaintiff's proposed amendment is allowable pursuant to Rule 15(a). Accordingly,

**IT IS ORDERED** that the plaintiff's motion to amend its complaint (DE 25) is **DENIED**.

Signed on March 26, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6